982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Merlin Charles LONG, Appellant,
v.
Dr. Steve DAVIS, Appellee.
 No. 92-2145.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 2, 1992.
Filed: November 20, 1992.
 
 Before JOHN R. GIBSON, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merlin Charles Long, an Iowa prisoner, brought this 42 U.S.C. § 1983 action against Dr. Steve Davis, the prison librarian. Long alleged that Davis denied him access to the courts and retaliated against him (for filing a grievance) by not allowing him to use the librarian's heavy-duty stapler.
 
 
 2
 An evidentiary hearing, to take place at the prison, was scheduled before a magistrate judge for January 15, 1992. Long, who was represented by counsel, failed to attend the hearing, claiming he was too ill to do so. The magistrate judge treated Long's failure to attend as a motion for a continuance, and informed Long that the case would be dismissed if the court found that Long was not medically incapable of attending the hearing.
 
 
 3
 After receiving affidavits from the parties, the magistrate judge filed a report and recommendation, in which he recommended that Long's claims be dismissed for failure to prosecute. After considering Long's objections, the District Court[1] concluded, as had the magistrate judge, that Long had not demonstrated that he was medically incapable of attending the scheduled evidentiary hearing. The court also accepted the finding of the magistrate judge that Long had engaged in dilatory behavior. The court therefore dismissed Long's complaint for failure to prosecute.
 
 
 4
 For reversal, Long argues that the District Court abused its discretion in dismissing his case. We disagree.
 
 
 5
 The medical record does not support Long's claim that he was incapable of attending the January 15, 1992 hearing. Far from showing a serious illness, the record reveals that Long had symptoms of a cold and was given an antihistamine on January 13, 1992. The record further reveals that on the morning of January 15, 1992, Long cancelled a "sick call" visit because he was feeling better and had received relief from his cold symptoms. In addition, the affidavits submitted by prison medical personnel express the opinion that Long had no medical necessity for remaining in his cell instead of attending the hearing scheduled for January 15, 1992. Finally, although January 15, 1992 was a very cold day, the record does not support Long's assertion that his walk to the courtroom (located on the prison grounds) would have been without benefit of adequate clothing to protect him from the inclement weather.
 
 
 6
 In these circumstances, the District Court did not abuse its discretion by dismissing Long's case. The judgment of dismissal is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief United States District Judge for the Southern District of Iowa